## ROBBINS v. DECATUR COUNTY *et al.*

**Equity:** SPECIFIC PERFORMANCE: WHEN REFUSED. Swamp lands of a county were offered for sale at auction. There was competition among bidders, and the land was struck off to the plaintiff, who purposely failed to comply with his bid, and procured another person to purchase it for him, on a resale, for a small sum. The county authorities refused to convey the land to plaintiff on the last sale. *Held*, that he was not entitled to a specific performance thereof, for the reason that his conduct was inequitable, and worked a fraud on the county.

*Appeal from Decatur District Court.*

FRIDAY, SEPTEMBER 19.

SUIT in equity brought September 22, 1869, to compel a specific performance of an alleged contract for sale of 40 acres

of swamp land, made by the county at an auction sale to the plaintiff. The district court refused to decree a specific performance by ordering the county to convey as prayed, and dismissed the plaintiff's petition absolutely. Parkhurst was made a party, for that he claimed some interest in the land.

The plaintiff appeals.

*J. W. Penny* for the appellant.

*J. B. Morrison* for the appellees.

COLE, J.— On March 29, 1865, the land in controversy and other lands were offered for sale at auction by the drainage commissioner. There was competition in the bidding for the land in controversy. John Gore bid for it as high as $6.95 per acre; while the plaintiff bid $7.00 per acre and it was struck off to him at that price. Plaintiff purposely failed to comply with his bid, and on the next day the land was offered again and plaintiff procured one Clark to bid it off in Clark's name, but for plaintiff; Clark bid it off at $1.37½ per acre and afterward transferred his bid or purchase to plaintiff. At the June session, 1865, of the board of supervisors for the county, the sale to Clark was set aside and the one-third of the price bid, which he had paid, was tendered back to him, and the bid of John Gore, it being $6.95 per acre, was accepted. Gore made the payment required and the land was conveyed to him. The plaintiff's conduct worked a fraud upon the county, and under the circumstances a court of equity will not adjudge a specific performance by requiring the county to convey the land to him. Such a decree would be inequitable. See 1 Story's Eq. Jur. (9th ed.), §§ 742 and 769 and authorities cited in note 6 to last section.

Affirmed.